IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAWN HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-061-MJR |
| | ) | |
| LEE RYKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Shawn Hughes, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

In July 2009, Hughes was incarcerated in the Lawrence Correctional Center; Defendant Lee Ryker is the warden at that facility. Hughes alleges that in February 2009, Ryker changed the institution's policy regarding marriage. Under Ryker's new policy at Lawrence, an inmate could not marry unless he had not lost any good conduct credit nor spent any time in segregation for the preceding 12 months. Hughes had filed an "intent to marry" with the chaplain, but Ryker denied the application (presumably because Hughes failed to qualify under Ryker's new policy). Hughes alleges that this policy is not practiced at other Illinois institutions, and that such a policy impinges upon his constitutional rights. Hughes does not seek damages in this action. Rather, he seeks only injunctive relief directing Ryker to change the marriage policy so that Hughes can marry.

In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court recognized the fundamental right of prisoners to marry – a right that may be limited only for sound penological reasons. *Id.* at 94-100. Incidental interference with the right to marry does not give rise to a constitutional claim if there is "some justification" for the interference. *Williams v. Wisconsin*, 336 F.3d 576, 582 (7th Cir. 2003); *Keeney v. Heath*, 57 F.3d 579, 580-81 (7th Cir. 1995). Whether Ryker's policy at Lawrence is merely an "incidental" interference cannot be resolved at this time. However, it need not be resolved in this case, as Hughes's claim fails for another reason.

As stated above, Hughes seeks only injunctive relief – he asks the Court to direct Ryker to change the policy at Lawrence so that Hughes may marry. Hughes, however, is no longer at Lawrence and, in fact, he was not at Lawrence at the time he filed this action in January 2010.

Instead, Hughes was and is currently at the Pontiac Correctional Center.[1] Thus, any order directing changes at Lawrence will not affect Hughes, and his claim for injunctive relief is thus moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

In summary, the complaint does not survive review under § 1915A, as the Court cannot provide him with the relief requested. Accordingly, this action is **DISMISSED** with prejudice. Hughes is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 30th day of August, 2010.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**

---

[1] The address on the complaint and in the docket both reflect Pontiac as Hughes's address now and at the time he filed this action. The Illinois Department of Corrections' website also reflects that Hughes is currently at Pontiac. *See* http://www.idoc.state.il.us/subsections/search/inms.asp (accessed Aug. 24, 2010).